**Buffalo Gasoline Motor Company, Appellant, v. Fred
H. Atwood, Appellee.**

**Gen. No. 15,448.**

1. EXECUTIONS—*what not subject to levy.*   Personal property in
the possession of the judgment debtor is not subject to levy if
such property was acquired and is held as a bailment with power
to sell.

2. BAILMENTS—*what not absolute sale.*   The fact that personal
property is in the exclusive possession of the bailee, is invoiced
to him at a certain price and is offered for sale by him with the
knowledge and consent of the bailor, does not establish a sale so as
to render such property subject to levy upon execution.

Replevin.   Appeal from the Circuit Court of Cook county; the
Hon. GEORGE A. CARPENTER, Judge, presiding.   Heard in this court
at the October term, 1910.   Reversed with judgment.   Opinion filed
November 28, 1910.

HENRY T. CHACE, JR., for appellant.

HENRY TUPPER, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the plaintiff from a judgment for the defendant in an action of replevin brought to recover the possession of a gasoline engine. The case was submitted to the court. The engine was delivered by the plaintiff to one Cuthbert in September, 1904, was placed by him in a boat which he used up to June, 1905, when it was levied on and sold by a constable under executions against Cuthbert. The defendant purchased the boat from the purchaser at the constable's sale. The engine was removed from the boat by the sheriff, under the writ of replevin, and delivered to the plaintiff.

The material inquiry in this case is whether Cuthbert received the engine in question from the plaintiff under a contract of bailment, or under a contract of sale. If the former, plaintiff would be entitled to the engine in whosesoever hands it might be found claiming against the bailment. If the latter, it could be levied on and sold on execution against Cuthbert whether it was paid for or not, and although the contract for the sale provided that the engine should remain the property of the plaintiff until it was paid for.

There is no material conflict in the testimony. Plaintiff manufactured engines at Buffalo, N. Y. Bullock was its agent at Chicago, where Cuthbert was a boat builder. In September, 1904, Cuthbert was building a motor boat for himself and asked Bullock to write plaintiff and see if he could get him an engine on consignment to put in his boat. Cuthbert told Bullock that his boat would be a fast one; that all the yachtmen in the city would see it and it would be a good bit of advertising for the plaintiff. It was agreed between Bullock and Cuthbert that the engine should be shipped by plaintiff to defendant on consignment; that it should remain the property of plaintiff, but should be placed by Cuthbert in his boat and used by him. The agree-

ment between Bullock and Cuthbert did not in terms provide for the sale of the engine by plaintiff to Cuthbert and Cuthbert did not at any time give any note or other obligation to pay for the engine, but it was agreed by them that Cuthbert might sell the engine at the regular price. Plaintiff shipped the engine to Chicago to its own order September 12, 1904, and it was delivered to Cuthbert. Plaintiff sent Cuthbert an invoice, the original of which was lost, but plaintiff put in evidence what Cuthbert testified was a substantial copy. The copy contained the words, "Consignment. Sold to A. G. Cuthbert," and the price, $433.00. Cuthbert testified that in the original the word "Consignment" was written across the words "Sold to," and there is no testimony to the contrary. Cuthbert placed the engine in his boat soon after he received it, used the boat and offered it for sale, including the engine, from that time to the time of the levy. In the Spring of 1905 Cuthbert proposed to enter his boat in a race and wished to use acid in the engine to increase its speed. He asked Bullock to write plaintiff and obtain permission to use acid. In a letter by plaintiff to Bullock, dated May 5, 1905, which was shown by Bullock to Cuthbert, permission to use acid was refused and Bullock was directed to tell Cuthbert to return the engine to plaintiff. This was a practical construction of the contract by the parties, before any question as to the nature of the contract had arisen, tending to show that both parties regarded the contract under which the engine was delivered to Cuthbert as a contract of bailment and not of sale.

Much reliance is placed by appellee on the facts that it was intended by the parties that the engine should be installed in Cuthbert's boat and that it was so installed and used by Cuthbert with the knowledge of the plaintiff for nearly a year.

No doubt there may be a contract for the delivery of property under such circumstances and for such uses and purposes that the legal effect and natural op-

eration of the contract works a transfer of the property. If in this case timber had been delivered to Cuthbert out of which to make the keel and ribs of his boat and been used for that purpose, such timber would thereby have become an integral part of the boat and the property therein transferred to Cuthbert. There is no evidence in this case to show how the engine was secured or fastened to the boat. All that is shown is that it was placed in the boat by Cuthbert and taken out by the sheriff. We do not think that by placing or installing the engine in the boat, the property in the engine was transferred from the plaintiff to Cuthbert.

The transaction in question was, we think, a bailment with power to sell, a "consignment for sale." In such a bailment the facts that the property is in the exclusive possession of the bailee, is invoiced to him at a certain price, and is offered for sale by him with the knowledge and consent of the bailor, are all consistent with the bailment and do not make the property bailed subject to be taken on execution against the bailee.

We think that under the evidence in this case the engine in question was not subject to be taken on execution against Cuthbert, but that the property and right of possession therein was in the plaintiff at the time the same was taken on the writ of replevin. The judgment of the Circuit Court will therefore be reversed and judgment entered here for the plaintiff and for costs in this court and in the Circuit Court.

*Reversed with judgment here for the plaintiff.*